Thank you, Judge Reinhart. And may it please the Court, my name is Mark Caldwell. I'm here representing this House this morning in the Social Security Appeal. Not the only one that I'm representing this morning. I'd like to begin by narrowing some issues here, if I may. There has been an argument that remand for determination of benefits should not be based on non-statutory considerations. Did you say determination or award? Award, calculation, determination. In other words, payment of the benefits. Should not be based on non-statutory considerations such as age, delay, et cetera. And that is correct. As recognized as early as the Sonoma case in Varney, only deserving claimants should be awarded benefits on remand. The second non-issue in this case is whether the district court had discretion to remand for further administrative proceedings or for payment of benefits. That is also true. The district court has the discretion. That's not the problem. The problem is how that discretion was exercised. So with those two non-issues out of the way, the issue becomes, was it an error of law under the facts of this case to not follow the credit as true rule and remand for award of benefits? I'd like to move directly to that rule, if I may. The government argues, citing the concurring decision in Vasquez, that there is a split in authority among panels of this Court regarding the crediting as true rule. That is not true. Split in what sense? You mean whether there is such a rule? That's a good question, because I'm not sure how to answer it. The so-called split is whether there is flexibility in the rule or whether the rule is mandatory. But as I pointed out, the problem with that is simply a lack of focus as to where the discretion applies. The discretion applies regarding the three-part test, was the evidence improperly described or discredited? Are there any other issues that must be resolved by further proceedings? And would the evidence, if accepted, result in a finding of disability? That is definitely an area where any Ninth Circuit court has discretion. However, once the discretion is exercised in an affirmative determination on all three steps of that test, then the discretion applies. And there is no split in authority among any case in this Court, to the contrary, despite the language in Vasquez. The Vasquez, with all due respect, the Vasquez panel kind of took the bait that the government was throwing out there. But if you look at the actual cases that are cited, you can see that there's no conflict, because, for example, in Lester there was improper discrediting of various evidence. There were no other issues that had to be resolved, and that evidence, when accepted, established disability. In Conant, which is the case that was used in Lester to create this so-called split in authority, the Court recognized, to use the exact words of the Court, many discrepancies between the claimant's testimony and other parts of the record. I represent claimants, and I'm here to tell you that if there are many discrepancies between a claimant's testimony and the other parts of the record, remand for award is not appropriate to determine whether those discrepancies should be resolved for or against the claimant. So with all due respect, it is a myth to state that there is a split in authority in this Court regarding the accrediting as true rule. Well, what you have, I think, is that a lot of cases say it's mandatory. Then you have whatever the name of the case, Judge Wallace's opinion, that says there is some flexibility. Would you say that's a split in authority? Or, and I don't think there are any published cases since the some flexibility that explain what some flexibility means or under what means. Is that a split? Is it an exception to the rule? Is it an interpretation of the rule that says mandatory doesn't really mean mandatory? It means mandatory except when it doesn't, which is when you need some flexibility. I guess you could say that when you have a rule that says mandatory and then a panel comes along and says, well, there may be occasions where you need a little flexibility and doesn't explain when, that that's not a split, but it's an explanation about no matter what rule you adopt, there are always some exceptions. Does that create a split in the circuit law? Or is that reconcilable? I'm not going to sound like a broken record here, but that doesn't describe a split in authority. That merely describes the rule. The rule. No, but to follow up on Judge Reinhart's question, though. Yes. He said there could be certain exceptions. Depending on the number and the scope of the exceptions, then that means the rule is not mandatory, right? And doesn't that amount practically to a split? It would amount to a split if that's true. I can't come up with a single case where that is true, where the court has said we are departing from the rule. That's different from saying there's flexibility in terms of. Of course, of course, they're not going to say that, you know, they're going to weasel around it. But the question is, you know, how many of those can you accommodate and still call it mandatory? You know, you're right. I mean, let's be honest. Some decisions are result oriented. That said, I do not I cannot come up with and perhaps opposing counsel will be able to and that's fine. I cannot come up with a single case where this court said we are departing from the rule. So what are you telling us? As you as you see it, the rule is a mandatory rule? Once the conditions of the rule have been satisfied, yes, it is a mandatory rule. Once the conditions have been satisfied. There are myriad circumstances that one could come up with where those conditions are not satisfied. I grant you that and there's all sorts of cases that discuss that. But, yes, my position is very clear. Once those three tests are met, the rule is mandatory. That's why it's a rule. All right. Now, does House satisfy those conditions? Yes. I'm sorry. Can you just first restate those conditions? Certainly. One, the evidence was improperly discredited. Two, there are no other issues that must be resolved on further proceedings. I've emphasized the word must. And three, when that evidence is accepted, an ALJ would be required to reach a finding of disability. Well, before you answer Justice Schumer's question, as to two, I think probably we don't need to consider two in this case, but I hope you're not suggesting that if you had to remand on an issue that did not require this, any further examination of that issue, that in that case, it would not, those findings would not be binding. If I'm hearing you right, Judge Reinhart, I think you just described the Connick case. The Connick case was the second step where the Court said, well, yes, maybe the evidence was improperly discredited. And yes, maybe if credited, that would lead to a finding of disability. However, on step two here, there are other issues that must be decided because there were many discrepancies between the claimant's testimony and the rest of the record. And that's a proper application of the rule. Okay. But in this case, there aren't other issues that have to be resolved so that it could be remanded to those other issues. I submit that there are not. Right. All right. So let's leave aside that question if there are other issues that are not affected by this. All right. Go ahead with your answer. Well, I think this ties in with Judge Tashima's question. He was asking about the facts of this case. The facts of this case are unusual. Here, you know, in the typical case, you can say, well, the vocational expert was asked X, Y, Z based on this piece of evidence, and the vocational expert testified that person can work. Here we have the ALJ conceding that if that evidence were accepted, then a finding of disability would follow. So that's how I think this case should be resolved. I see I'm coming up on four minutes. Well, how do you define the legal questions before us today? The legal question before you is whether there is, in fact, a split in authority. If there isn't a split in authority, then as I was just saying to Judge Tashima, then a finding of disability is appropriate because the ALJ said that evidence establishes a disability, and that's how this case should be resolved to submit. May I reserve? You may. Thank you. Good morning, Your Honors. My name is Alexis Ray. I represent the Acting Commissioner of Social Security. May it please the Court. The Commissioner's position is the only issue in this case is one of remedy. And one of what? One of remedy. Should the case be remanded for further administrative proceedings, or should it have been remanded for payment of benefits? And the even bigger issue is did the district court abuse its discretion? Was the district court's decision to remand for further administrative proceedings, did it lie beyond the pale of reasonable justification under the circumstances? And I would submit, Your Honors, that the district court's determination was within its discretion, and it did not abuse its discretion. And did these issues depend on the question of whether a rule of applied credit is, whether that's binding and mandatory? I mean, I think we can resolve this case, Your Honor, without even reaching the credit as true rule, because there are unresolved issues and further fact-finding needs to be done to make sure that the claimant is actually disabled, which is what the statute requires. The statute requires. Were these issues raised by the ALJ? What issues are those? I don't know. You said there were further issues. I don't know what they are. So, I mean, one of those issues actually, I mean, that's part of the problem is one of these issues the ALJ didn't really get a chance to fully address. Why didn't they get a chance? Because of the unusual circumstance where this claimant unfortunately passed away after the ALJ's decision. And so basically she filed applications for both disability insurance benefits and she filed an application for supplemental security income benefits. And her passing extinguished the SSI claim. So we don't have to worry about that one? Right, we don't. But what that does is it makes it really relevant when the disability began, because the claimant has to be insured for purposes of those benefits. So this has to be remanded to determine the issue of the onset of the disability? Correct, Your Honor. All right. And how does that affect anything else? Yeah, that's a good question. Does anything else have to be determined besides the onset date? Our position would be yes. I think there's conflicting medical evidence in this case. Dr. Fairfax issued opinions. Is that what the ALJ has resolved? I mean, I think the district court found that there could have been evidence in the record that the ALJ could have pointed to. Okay. So the ALJ then, if we just review the ALJ's decision, which is what we normally do, and we find it was wrong and we credit as true what the testimony of the doctor and the applicant was, if we didn't have the onset question, we would just simply order benefits. I don't think that's true, Your Honor, because there are actually ‑‑ there's another opinion that the ALJ didn't adequately address, as found by the district court, and that's Dr. Nadir's opinion. And she very ‑‑ her opinion conflicts greatly with Dr. Fairfax's, which is ‑‑ But there's no finding that says that opinion should override Dr. Fairfax's opinion. No, but I think they are conflicting, and the district court did find that the ALJ on remand should address ‑‑ Let's get to the district court for the moment. The ALJ made a decision which we're reviewing. Right. And the ALJ failed to say that some other doctor's opinion was significant enough to overrule the treating doctors. To overrule Dr. Fairfax. Yeah. Right? Never made such a finding. That's correct, but I think ‑‑ So shouldn't we credit Dr. Fairfax's testimony? I mean, our position would be no, because there is conflicting evidence, and there are cases such as ‑‑ Well, the problem with that is that it's the ALJ's decision we're reviewing. Now, just because you can think of reasons that the ALJ didn't think of, that doesn't change our responsibility to review simply what the ALJ did. What you're saying is we should have had a better ALJ, who might have made other arguments that he didn't make. I mean, I guess our position would be the statute requires that the claimant be actually disabled under the standards of the act. And if that is not met ‑‑ And the claimant is disabled under Dr. Fairfax's opinion. I don't think we know that for sure. What do you mean for sure? You don't know anything for sure. I mean, he said things like the claimant's impairments cause moderately severe limitations. We don't know what that means. A residual functional capacity is the most a claimant can do despite his or her impairments, and here we don't have that translated into what the residual functional capacity would be. We have the conflicting opinion of Dr. Nadir, who actually says this claimant can perform light work, and in fact the ALJ found an RFC that was actually more restrictive than what Dr. Nadir found. We have other doctors who found he could do light work. And then there's actually a little bit of an inconsistency between Dr. Fairfax's own opinions in that regarding the deficiencies in concentration, persistence, and pace. You can see the problem, though, that Judge Reinhart is pointing out. We review whose decision in this case. I mean, we're reviewing the district court's determination for an abuse of discretion. But we're reviewing the ALJ's decision to novel. You're talking about the remand of the abuse of discretion. Right. We can get to that later. But first we're reviewing the ALJ's decision. I mean, I would submit that the only issue in this case is the remedy, and that's reviewed under an abuse of discretion standard. So if we start from the fact that the ALJ's decision was wrong, and we credit Dr. Fairfax's testimony, then the petitioner is entitled to benefits. The question is that you want to argue about is what is the onset date of those benefits. I mean, I think that's one of the major issues, is since Dr. Fairfax's opinion wasn't issued until well after this last and short date. I don't think we didn't ask your opponent the question. I don't think there's any question that the onset date should still be determined, and there has to be a remand to determine the onset date, I think. Now, your opponent may disagree with me. But on that question, I don't think there's a dispute. The dispute is whether when we examine the basic decision and say that she is entitled to benefits, then what's left on remand? And it's simply to determine the date, giving credit to the decision we've already made as to which testimony you credit. I mean, I guess I would point to cases like McAllister and Salvador, which actually say you can look to the rest of the record and see if there was substantial evidence in the record that the ALJ could have pointed to. And they still remanded for further administrative proceedings in that case. And I'd also point out there are cases after the credit as true rule was first issued in Varney where there's actually no mention of even the credit as true rule, and they still remand for further administrative proceedings. I don't want to redo the original case and not give credit to the credit rule. But you're saying that even though if we just reviewed this case and came to a decision because it's being remanded, you want to reopen the whole case? I think that we need to determine under the statute whether the claimant meets the definition of disability. And to do that, we have to look at the record as a whole. And in this record, there is conflicting evidence regarding whether the claimant is disabled. Some doctors say she can perform light work. He was supposed to decide that, and he was supposed to issue a decision, and we're supposed to review that decision. Once we've done that, that part of the case is over. But you want to go back and reopen the whole case because you're going to consider the onset date. I mean, I think the onset date and the conflicting evidence are both important. There are outstanding issues that need to be addressed, even under the credit as true time. But you're saying that there are other issues that need to be addressed. Those are issues that should have been addressed by the ALJ, and you're coming up with other arguments now that the ALJ didn't make. Well, we would consider ñ there's no ñ we don't dispute that the ALJ erred. We don't dispute that, but I would point to cases like McAllister, where the court actually did say that there could be other substantial evidence in the record, and they still remanded for further administrative proceedings. Again, I would just point out the conflicting evidence. Regarding claimant's own testimony, that was another issue that counsel has pointed out should be credited as true. And I would point out that in her testimony, the main thing that she said would disable her had to do with medication side effects and how it required her to lay down throughout the day and things like that. And this, again, kind of goes back to the onset date issue, but there's conflicting evidence on that issue. On one disability report that she filled out in November of 2006, she listed her medications, and in a column where it actually asked her to list side effects, she said none. And that's really close to the date last insured. And then somewhere after 2007, she started listing these side effects. Her testimony was not specific as to when these side effects started occurring. So there are some conflicts in the record, and under the line of cases like McAllister and Salvador, we can look to other evidence in the record, and if there are conflicts to resolve, that should be for the agency to do. And I would submit that the district court did not abuse its discretion in finding that further administrative proceedings could encompass all of these outstanding issues in this case. Thank you. And if you don't have anything further, I'll rest. Thank you. I'm going to start out by respectfully disagreeing with you, Judge Reinhardt. You indicated that this case should be remanded on the onset issue. I have two responses on that. One, the district court didn't say that. The district court order said only this matter is remanded for further explanation of the way the ALJ acquires its discretion. The district court did not say that. The district court ordered this evidence. That's antithetical to the credit is true rule. I wasn't questioning that. What I was suggesting, and I said maybe I'm wrong and you should correct me if I am, was that there was to be a remand on the onset issue. Are you suggesting there need not be a remand at all? A remand for payment of benefits. That's the only remedy that should be granted here. Are you saying that the onset date can be determined from this record without controversy? Yes. There are two cases. And how do you do that? I'm going to answer you. There's two cases that say you can do that. One is Vertigan, V-E-R-T-I-G-A-N, 260 F-3rd, 1044. 260 what? 260. Okay, go ahead. F-3rd, 1044. And the other case is Gatliff, G-A-T-L-I-F-F, 172 F-3rd, 690. Those are both cases where this Court remanded for determination of benefits but said the onset date should be different and changed the onset date itself and remanded for determination of benefits. I have a suggestion as to what that onset date should be here. Well, show me where in the record you can determine what the onset date is. The onset date should be when Dr. Fairfax first saw the claimant in December 2003. The transcript number is in my brief. That's when he started to prescribe morphine. The brand name is MS content, but MS stands for morphine sulfate. And throughout the entire length of time, he not only prescribed morphine, he prescribed Vicodin for breakthrough pain. It doesn't get much harder than that. Perhaps there's a misunderstanding between what I said and what you said. I said I understood that there was no disagreement that the onset date has to be established by the ALJ upon remand. I did not discuss how that was to be done. But there is no onset date now that is even under what you're suggesting is we should determine the onset date. The verdict in gathering. What I was suggesting that you agreed with, and apparently you don't, is that the ALJ should, on examining the record, make that determination after giving full credit to the determinations that were made or should have been made by the ALJ, that the testimony of the doctor is credited, the testimony of the claimant is credited, and he has a transcript of what's been said, and that rather than our determining the onset date, it should be the ALJ that assumes that duty on remand, not by holding a new hearing, but by examining the record that has been made and giving credit to the testimony of the doctor and the claimant. I don't know that that's much of a difference. It may be. You're suggesting that determination which hasn't been made should be made by us, And I had thought you were suggesting that if it were remanded to the ALJ under the credit to the testimony rule, that it would be the ALJ would make that determination. And, again, respectfully, that isn't what I'm saying. I want to be clear on what I'm asking, because if I don't ask for it, I'm not going to get it. I'm asking for a remand for payment of benefits, no further administrative proceedings. But you want us to determine the onset date. The onset date can be determined by you under the two cases I just gave Judge Tashima. This Court has done that. Can we ask you a yes or no question? The answer is yes. Thank you. So the difference then is not quite what I stated. You just want it remanded for payment of benefits, and you want us to establish the onset date from the record. The alternative, which I thought you were saying, is you want it remanded for the payment of benefits. But the ALJ must determine the onset benefits on the basis of the record as it exists. It is the former I'm asking for, yes. It is not the latter I'm asking for. Obviously, I'd prefer that to not getting anything at all. But remember what the district court did here. I know my time's up. The district court said the only reason this matter is being remanded is for further explanation of the weight to be given to the evidence. In other words, write a better unfavorable decision, which is why I'm here. I was not suggesting that you adopted that position. I mean, even if we were to disagree with that position, saying that you can't just reopen everything and start all over again, or supply arguments that the ALJ did not supply. Well, you do agree that the onset date has not been established, so somebody has to establish it, right? Sure. Absolutely, Judge, because the woman's been found not disabled. I'm not suggesting that we should do that. And the alternative is that the ALJ could do that as long as he did not rehear the whole case, but simply reviewed the record and determined from the record the onset date. Well, yes, let's remember, Maryland House is dead. Well, it has to be. There can't be another hearing. Mr. Caldwell, even under your theory, the case has to be remanded to the ALJ for the calculation of benefits, right? It wouldn't really, technically it wouldn't go to the ALJ, it would go to the Social Security Administration. To the agency. And they would calculate the benefits. It would go to the agency. So if it's going to go back to the agency anyway, it's not too complicated, is it, to have the agency determine the onset date? Well, I think it is, because as Judge Reinhart was just saying, he was talking about another hearing and all those sorts of things. I just think that's a fruitless gesture to go through. I think it's time to end this case. I just want to be very clear on that. If the instructions were that it be made up of benefits on the basis of the record applying the appropriate rules, that would resolve that problem. If the instructions were accredited as true and there are no other issues that must be determined, then the instructions are, in this case, with payment of benefits. And that's the instructions I'm asking this Court to provide. Thank you. Thank you, Your Honor. I appreciate the extra time. Somebody might think the rebuttal went beyond the introduce some new points and went beyond a true rebuttal. And if you think that, I would think you'd have an opportunity to submit some paper to deny it. Yeah, you'd have to do it on paper, because we'd go on forever. Let me just defend myself shortly in that regard. I'm responding to questions from the Court. I don't have the opportunity to say I don't want to answer your question. If it's asked, I have to answer it. I understand that, but I think you know you went beyond a normal rebuttal. In response to the Court's questions, perhaps I did. Thank you, judges. All right. I just argued it's just submitted.
judges: Farris, Reinhardt, Tashima